# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JUSTIN LEE GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-183 |
| | ) | |
| CHATHAM COUNTY | ) | |
| SHERIFF DEPARTMENT | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court previously recommended that Justin Lee Gordon's Complaint be dismissed because he failed to timely return the forms required to proceed *in forma pauperis*. Doc. 9. Shortly after that Report and Recommendation was entered, the Clerk docketed the forms. *See* docs. 10 & 11. Those forms were timely submitted, pursuant to the "prison mailbox rule." *See* doc. 10 at 1; doc. 11 at 1; *see also Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing[,]" and "[a]bsent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." (internal quotations and

1

citations omitted)). Accordingly, the Court **VACATES** the Report and Recommendation. Doc. 9. Since Gordon has complied with the Court's instructions, it proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915A.

## I. Motion to Appoint Counsel

Before screening, the Court will address Gordon's request for appointed counsel. Doc. 12. His Motion states only that he cannot afford counsel but provides no other justification for his request. *Id.* at 1. Gordon has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl*

*v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Gordon has presented "the essential merits of his position" to the Court. Doc. 1 at 5-6. There is, therefore, no indication of any "exceptional circumstance"

that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Gordon's motion is, therefore, **DENIED**. Doc. 12.

## II. Screening

Since the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

First, Gordon has sued the Chatham County Sheriff's Department. *See* doc. 1 at 4. A claim under 42 U.S.C. § 1983 can only be brough against "a person acting under color of state law." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments may, under some circumstances, qualify as "persons," sheriff's and police departments are not "persons" subject to suit under § 1983. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The Chatham County Sheriff's Department is, therefore, not a viable defendant in this case and Gordon's claims against it should be **DISMISSED**.

The substance of Gordon's Complaint concerns a fall that he suffered while incarcerated. He alleges that he began to feel dizzy and disoriented while in his cell. Doc. 1 at 5. He alleges he notified "the officer and was being ignored." *Id.* At some point later, he lost consciousness and struck his head on the toilet in his cell. *Id.* He states that "the officer [was] still not providing [him] with any help whatsoever," but it is not clear that he alerted any officer after his fall. *Id.* The first affirmative allegation that any prison staff knew about his injury is that an officer conducting an inmate count "noticed [him] holding a red rag and asked what happened . . . ." *Id.* The officer did not take immediate action, but, after an unspecified amount of time, "a code was called" and Gordon was examined by an unidentified nurse. *Id.* The nurse told him that he would have to wait to receive stitches, but, after he "made a big deal about the wound," he was taken to a hospital. *Id.* He does not provide any information about the treatment he received at the hospital. *See id.* Gordon alleges that he suffers continued physical and psychological effects from his injury. *Id.* at 6. He requests that "the officer . . . be dealt with accordingly," but doesn't explain further. *Id.* He

5

seeks monetary damages and to receive additional medical treatment. *Id.*

Since Gordon's allegations concern the quality of the medical care he has received, they implicate his rights under the Eighth Amendment.[1] To offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . " *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must plead facts sufficient to show "(1) subjective

---

[1] Gordon does not expressly allege whether he is a prisoner at the jail or a pretrial detainee. *See generally* doc. 1. Claims by pretrial detainees are technically governed by the Fourteenth Amendment, not the Eighth. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.* (citation omitted); *see also Thomas v. Bradshaw*, 2022 WL 333244, at *4 (11th Cir. Feb. 4, 2022) (same).

6

knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010).

Even if Gordon had identified a proper defendant, his factual allegations are not sufficient to allege that that anyone was deliberately indifferent to his serious medical needs. Liberally construed, Gordon's Complaint alleges three different circumstances that might implicate some defendant's deliberate indifference. First, he alleges that he was dizzy and disoriented before he fell and that he informed an unidentified prison employee about those symptoms. Second, he alleges that an employee conducting a prisoner count became aware of his head wound and did not immediately seek medical assistance. Finally, he objects to the quality of the care provided by an unidentified nurse when she examined his wound. As discussed below, none of the facts alleged are sufficient to state a deliberate-indifference claim.

### A. Deliberate Indifference to Gordon's Dizziness

Gordon does not sufficiently allege that he suffered a serious medical need before his fall. "A medical need that is serious enough to satisfy the objective component [of an Eighth Amendment claim] is one

that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert*, 510 F.3d at 1326 (internal citation and quotations omitted). Dizziness and disorientation, standing alone, are not objectively serious medical needs. *See Strepka v. Jonsgaard*, 2011 WL 2883375, at *15 (D. Colo. July 18, 2011) ("Headaches, dizziness, and disorientation, without more do not rise to the level of a 'serious medical need.'"), *adopted* 2011 WL 5569493 (D. Colo. Nov. 16, 2011). However, when those symptoms occur in the context of other conditions, the totality may constitute a serious medical need. *See, e.g., Aldridge v. Montgomery*, 753 F. 2d 970, 973-74 (11th Cir. 1985) (accepting argument that "given the previous injuries to his head, complaints of headaches and dizziness" could constitute a serious medical need).

Since, as discussed below, Gordon will have an opportunity to amend his Complaint, he will have an opportunity to clarify the seriousness of his initial symptoms. Additionally, his allegations concerning who he told about those symptoms, and his failure to allege anything about what that individual knew, are clearly insufficient to

allege the subjective component of his claim. Therefore, if he contends that any prison staff was deliberately indifferent to his complaints of dizziness and disorientation, he must clarify his allegations concerning both the objective and subjective prong of such a claim.

### B. Deliberate Indifference to Gordon's Wound

Gordon's allegation that, after the fall, he had a bleeding head wound is sufficient, at least for screening purposes, to allege a serious medical need. *See Aldridge*, 753 F.2d at 972 (finding a "cut . . . at least one and a half inches long, that . . . required six stitches," and bled profusely was sufficient to support a § 1983 claim). His allegations of the subjective prong, however, are insufficient. His allegation that the officer who first noticed his injury did not immediately seek medical assistance does not allege that individual was deliberately indifferent. *See, e.g., McElligot v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) ("[A] prison official may . . . act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable."); *Kelly v. Ambroski*, 97 F. Supp. 3d 1320, 1339-40 (N.D. Ala. 2015) ("[D]elay or even

denial of medical treatment for superficial non-serious physical conditions does not constitute an Eighth Amendment violation." (internal quotation marks and citation omitted)).  His disagreement with the unnamed nurse's opinion that his injury did not need immediate treatment also does not allege her deliberate indifference.  *See, e.g., Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle,* 429 U.S. at 107 ("the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.").  As discussed below, however, Gordon will have an opportunity to clarify those allegations.

Because of the defects discussed above, Gordon's claims are subject to dismissal.  However, a *pro se* plaintiff is typically granted at least one opportunity to amend.  *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d

541, 542 & n.1 (11th Cir. 2002) (en banc)) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"). That is the case here.

### III. Conclusion

In summary, Gordon's request for appointed counsel is **DENIED**. Doc. 12. To the extent his Complaint names the Chatham County Sheriff's Department as a defendant, it should be **DISMISSED**. Gordon is **DIRECTED** to file an Amended Complaint, addressing the defects discussed above, no later than November 22, 2022.[2] Failure to timely file his Amended Complaint will result in a recommendation of dismissal for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Graham owes a $16.57

---

[2] The Clerk of Court is **DIRECTED** to provide plaintiff with a copy of the standard prisoner complaint form for violation of civil rights, (Pro Se 14).

initial partial filing fee. *See* doc. 10 at 1; 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 4th day of November, 2022.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA